## DERRICO v. MULLER.

(Supreme Court, Appellate Term, First Department. June 24, 1913.)

1. CONTRACTS (§ 232*) — BUILDING CONTRACTS — PAROL MODIFICATION — VALIDITY.

A written contract to repair a building according to specifications, which provides that no extra charges shall be paid or allowed for extra work and that any allowance shall be covered by a writing, may be modified by a subsequent parol contract for extra work to comply with changes required by the building department of the city, and the contractor performing the extra work may recover therefor according to the oral agreement.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1071–1094; Dec. Dig. § 232.*]

2. CONTRACTS (§ 232*)—BUILDING CONTRACTS—ALLOWANCES—"EXTRA ALLOWANCE."

A provision in a building contract that any extra allowance must be covered by a writing applies only to alterations in the work, and does not relate to claims for extra work.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1071–1094; Dec. Dig. § 232.*

For other definitions, see Words and Phrases, vol. 3, p. 2624.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Joseph Derrico against John Muller. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

Peter Bentley, of Jersey City, N. J., for appellant.
Wessels Ryerson, of New York City, for respondent.

BIJUR, J. Plaintiff sues for money had and received. Plaintiff, the owner of a saloon, hired defendant to make certain repairs therein. In order to raise the money for these repairs, he mortgaged his property to a brewer for $130 more than the contract price of the work. He then went to the brewer with the defendant, and had the brewer give defendant a check for about half of the contract price, and told the brewer to pay defendant the remaining amount of the mortgage, less $130, when the work was done. The defendant demanded and received of the brewer all the remainder of the loan, and refused to return the $130 to plaintiff, setting up a counterclaim for extra work. Evidence as to this extra work was excluded by the learned court below, on the ground that it would be parol evidence tending to vary a written instrument. The contract for making the repairs was indeed in writing, but it was limited to repairs "agreeably to the drawings and specifications made by" a certain architect and annexed to the contract.

[1] Defendant's counsel offered "to show by the examination of the defendant that the work required to be done under the plans and specifications referred to in the contract between the plaintiff and defendant herein was subsequently added to by oral agreement, and work done under the oral agreement at the instance and request of Derrico, and for which he agreed to pay." The objection to this testimony was sustained over defendant's exception. It is evident that, if defendant could prove what he offered, it would be evidence of a new agreement for adequate consideration to do work not covered by the original contract, and parol testimony thereof would, on familiar principles, be admissible. The fact would seem to be that, after the contract had been signed and the plans agreed upon, the building department required changes in the plans, and the parties orally agreed that the changes should be carried out and paid for.

[2] Respondent also urged at the trial that the contract provided that no extra charges should be paid or allowed for any extra work outside of the amount mentioned in the contract; but, of course, that provision, like the rest of the contract might, with the consent of the parties and for adequate consideration, be modified. He made a further contention that any such allowance was required by the original contract to be covered by a writing; but the provision as to a writing does not relate to claims for extra work, but only for alteration in the work, and in any event it would be subject to the rule just stated.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.